IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTON THURMAN MCALLISTER,          )
                                    )
             Plaintiff,             )
                                    )
       v.                           )        1:25CV13
                                    )
FORSYTH COUNTY SHERIFF              )
DEPARTMENT, et al.,                 )
                                    )
             Defendant(s).          )

MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina formerly housed in the Forsyth County Detention Center, filed a lawsuit under 42 U.S.C. § 1983 based on his conditions of confinement while at that facility. The Complaint names the Forsyth County Sheriff's Department, Forsyth County Sheriff Bobby F. Kimbrough, Jr., and Kimbrough's second and third in command, R. Joyner and H. Gray, as Defendants. It seeks millions of dollars in compensatory and punitive damages as relief.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, Plaintiff's claims against Defendant Kimbrough should proceed but the other claims in the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because they fail to state a claim on which relief may be granted.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

Overall, the Complaint alleges that between December 7, 2023 and December 22, 2023, Plaintiff was housed in the Forsyth County Detention Center under an ASW (Attempted Suicide Watch) policy. It claims that the policy caused Plaintiff to be deprived of basic necessities needed for his hygiene and that the conditions resulted in Plaintiff contracting serious infections that led to his hospitalization. He seeks to hold the Defendants responsible for the conditions and the resulting injuries.

The first two Defendants named in the Complaint are the Forsyth County Sheriff's Department in its official capacity only and Defendant Kimbrough in both his individual and official capacities. As the Court has informed Plaintiff in the past, under North Carolina law, Defendant Kimbrough, as Sheriff, controls the operations of the Detention Center and possesses final policymaking authority. See Cobbs ex rel. Cobbs v. County of Guilford, No. 1:10CV806, 2012 WL 3113141, at *2 (M.D.N.C. July 31, 2012) (unpublished), rec. adopted as modified, 2012 WL 4508106, (M.D.N.C. Sept. 28, 2012) (unpublished). Therefore, any official capacity claim against the Sheriff's Office is duplicative of the official capacity claim against Defendant Kimbrough and the Sheriff's Office should be dismissed from the case for that reason. The Court will consider the allegations against both the Sheriff's Office and Defendant Kimbrough in determining whether the Complaint states a claim against Defendant Kimbrough. Looking at those allegations, the Complaint contends that a specific policy of the Sheriff's Department was applied to Plaintiff in such a way that he was housed in unsanitary and unsafe conditions, resulting in infections and hospitalization. This is

sufficient to state a claim against Defendant Kimbrough given his responsibility for the policy allegedly applied.

As for Defendants Joyner and Gray, the Complaint does not allege that they were personally aware of Plaintiff's detention under the ASW policy, his conditions of confinement, or the resulting health issues. Nor does it allege that they were responsible for the ASW policy other than to make a general claim that Defendant Gray is a decision maker in the policy system in the Detention Center. (Docket Entry 1 at 12.) As just stated, however, Defendant Kimbrough has final authority over policy in the Detention Center as a matter of law. Mainly, the Complaint seeks to rely on allegations that Defendants Joyner and Gray held supervisory positions within the Forsyth County Sheriff's Department and that they had a general duty to protect the health and welfare of detainees in the Forsyth County Detention Center. These allegations fail to state any claim for relief because theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). The Complaint also contains allegations these Defendants were "a sole contributor" and "another sole contributor" to the harms suffered by Plaintiff. (Docket Entry 1 at 7, 8.) Putting aside the logical fallacy that any of the Defendants could be a "sole contributor" to the alleged conditions when the Complaint itself clearly attempts to allege that all Defendants were contributors, the allegations still fail because they are entirely conclusory with no supporting factual allegations. The attempted claims against Defendants Joyner and Gray fail and should be dismissed.

Regarding Plaintiff's request to proceed *in forma pauperis*, § 1915(b)(1) requires that he make an initial payment if funds are available. However, Plaintiff's *in forma pauperis* application reveals that they are not. Therefore, the Court will not order an initial partial payment at this time, but will instead order that Plaintiff's custodian deduct payments from Plaintiff's prisoner account if funds become available.

IT IS THEREFORE RECOMMENDED that Plaintiff's claims against Defendant Kimbrough be allowed to proceed but that the other claims in the Complaint be dismissed for failure to state a claim upon which relief may be granted.

IT IS ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of March of 2025, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments shall be designated as made in payment of the filing fee for Civil Action No. 1:25CV13, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that the Clerk shall send Plaintiff a summons for Defendant Kimbrough. Plaintiff must fill out the summons, including an address suitable for service, and then return the summons to the Clerk. Failure to provide an address wherein service may be made will result in the dismissal of the action if Defendant Kimbrough remains unserved after 90 days from the filing of the complaint. See Fed. R. Civ. P. 4(m).

This, the 31st day of January, 2025.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**